IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA

VS.                                    CRIMINAL CASE NO. 5:10-cr-9-DCB-LGI

DAMON WHITE                                                 DEFENDANT

<u>ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE</u>

This cause comes before the Court on Defendant Damon White
("White")'s Motion for Early Termination of Supervised Release.
[ECF No. 47]. On October 7, 2024, White filed in this court a
letter requesting early release from probation. <u>Id.</u> The Court
construes White's letter as a motion for early termination of
supervised release and addresses it as such in this order.
Having carefully considered the motion, the United States
Probation Officers' letters, the record, applicable law, and
being otherwise informed in the premises, the Court orders as
follows:

A court may "terminate a term of supervised release and
discharge the defendant released at any time after the
expiration of one year of supervised release…if it is satisfied
that such action is warranted by the conduct of the defendant
released and the interest of justice" after consideration of
certain specific factors in 18 U.S.C. § 3553(a). 18 U.S.C. §
3583(e)(1); <u>United States v. Polydore</u>, 493 F. App'x 496, 502 n.

7 (5th Cir. 2012); <u>United States v. Webb</u>, No. 4:05-CR-150, 2020
WL 3038055, at *1-3 (E.D. Tex. June 4, 2020); <u>United States v.
Arledge</u>, No. 5:06-CR-18-DCB-JCS. 2015 WL 3504845, at *1-2 (S.D.
Miss. June 3, 2015). The Section 3553(a) factors are:

1. the nature and circumstances of the offense and the
   history and characteristics of the defendant;

2. the need for the sentence imposed to afford adequate
   deterrence to criminal conduct;

3. the need for the sentence imposed to protect the public
   from further crimes of the defendant;

4. the need for the sentence imposed to provide the
   defendant with needed educational or vocational training,
   medical care, or other correctional treatment in the most
   effective manner;

5. the kinds of sentence and the sentencing range for the
   category of offense and category of defendant and whether
   the terms of supervised release were violated;

6. pertinent policy statements by the Sentencing Commission;

7. the need to avoid unwarranted sentence disparities among
   defendants with similar records who have been guilty of
   similar conduct; and

8. the need to provide restitution to any victims of the
   offense.

See 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). As the Fifth Circuit has explained, "[t]he statute directs the court to take into account a variety of considerations, including the nature of the offense and the history of the offender, as well as any implications for public safety and deterrence." United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998). Broad discretion is accorded district courts in evaluating whether to grant early termination of supervised release. Id. However, courts have generally held that something more than compliance with the terms of supervised release is required to justify early termination. United States v. Singleton, No. 4:13-CR-248(1), 2020 WL 3271633, at *2 (E.D. Tex. June 17, 2020); Webb, 2020 WL 3038055, at *1–3; Arledge, 2015 WL 3504845, at *1; United States v. Smith, No. 3:10-cr-53, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014). Early termination is usually granted only in cases involving new or unforeseen circumstances or where the defendant has demonstrated exceptionally good behavior. Smith, 2014 WL 68796, at *1.

On July 19, 2010, Damon White pleaded guilty to violating 18 USC § 922(g)(1) by knowingly possessing a firearm having previously been convicted of a felony offense. [ECF No. 28]. This Court sentenced White to 105 months in prison, followed by 3 years of supervised release. [ECF No. 33]. On May 17, 2022, Defendant admitted to violating the terms of his supervised

3

release after rendering two positive drug tests for
methamphetamine, and this Court sentenced him to 7 months of
imprisonment followed by 29 months of supervised release. [ECF
No. 46]. Defendant now asks for early termination of his
supervised release. [ECF No. 47].

Two probation officers who oversaw White during his
supervised release have written this court recommending that
White not be removed from supervised release early. Amanda
Pierce, who previously oversaw White, explains that White had
rendered a positive drug test in November 2023, although he
denied use despite the lab results indication of positive use.
Additionally, Ms. Pierce states that in March 2024, following a
civil dispute, White left the police department prior to the
investigation being complete and was ticketed for failure to
comply.

Chelsea Curtis, White's current probation officer, explains
that although White has completed a six-month outpatient
substance abuse treatment program since his last positive drug
test, there are other factors which demonstrate that White
should not be removed from supervised release early.
Specifically, White and his trailer repair company have been the
subject of multiple criminal investigations involving theft and
resale of stolen utility and dump trailers in Perry and Forrest

Counties. Ms. Curtis further states that while no charges have been filed, multiple investigations are open and ongoing. According to Ms. Curtis, White has ongoing issues with the Beaumont Police Department, Perry County Sheriff's Department, and Perry County public officials. On September 24, 2024, White contacted Ms. Curtis about an incident involving a public official in Beaumont, MS, and a discharged firearm. Ms. Curtis notes that White neither possessed nor discharged the firearm and that the investigation is still ongoing. Finally, Ms. Curtis reports that the Chief of Police advised that White has confronted the mayor with derogatory names and explicit language on at least one occasion, though no charges have been filed related to the matter.

Considering the foregoing reasons, neither Ms. Pierce nor Ms. Curtis recommends that Defendant White be released from supervision early. This Court agrees. As discussed above, something more than compliance with the terms of supervised release, such as exceptionally good behavior, is required to justify early termination. United States v. Smith, No. 3:10-CR-53, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014). In this case, not only is there no evidence that White demonstrated exceptionally good behavior, but Ms. Pierce and Ms. Curtis present evidence suggesting that he did not fully comply with the terms of supervised release. The Court finds that White has

not demonstrated the exceptional circumstances necessary to warrant early termination of his supervised release. The Court is of the opinion that continued supervised release in this case appropriately reflects the seriousness of the offense, serves to promote deterrence to criminal conduct, and provides effective supervision for White's continued rehabilitation.

Accordingly,

IT IS HEREBY ORDERED that Defendant Damon White's Motion for Early Termination of Supervised Release [ECF No. 47] is DENIED.

SO ORDERED this the 15th day of October 2024.

__/s/ David Bramlette_____
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE